# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.S., et al., | Case No.  1:14-cv-00399-AWI-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| AQUA EMPS BOOSTER CLUB, et al., | (ECF Nos. 17, 18, 19, 22, 23) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Heidi G. Shamp ("Plaintiff Shamp") brought this civil rights action pursuant to 42 U.S.C. § 1983 on behalf of herself and as guardian ad litem for her minor children, H. S., A. S. and K. S ("minor children").  Defendants have filed a motion to dismiss the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## I.

## PROCEDURAL HISTORY

Plaintiffs filed the complaint in this action on March 20, 2014, against Defendants AQUA EMPS Booster Club ("AQUA EMPS"), James Lamb, Erika Hunter, Lizz Marroquin, and Dinuba Unified School District ("DUSD") alleging denial of equal access, equal opportunity, and equal protection in violation of the Fourteenth Amendment and state law claims.  (ECF No. 1.)  Defendants filed a motion to dismiss and request for judicial notice on June 3, 2014.  (ECF Nos. 17-19.)  On June 5, 2014, District Judge Anthony W. Ishii referred the motion to the undersigned.  (ECF No. 20.)  Plaintiffs filed an opposition to the motion to dismiss on June 19, 2014.  (ECF No. 22.)  Defendants filed a reply on June 30, 2014.  (ECF No. 23.)

1   The Court heard oral arguments on July 9, 2014.  Counsel Michael G. Karby appeared for

2   Plaintiffs and counsel Anthony N. DeMaria appeared for Defendants.  Having considered the

3   moving, opposition and reply papers, and arguments presented at the July 9, 2014 hearing, as

4   well as the Court's file, the Court issues the following findings and recommendations.

5                                                  II.

6                                COMPLAINT ALLEGATIONS

7   Plaintiff Heidi Shamp is the biological mother of Plaintiffs H.S, A.S. and K.S.  (Compl. ¶

8   3, ECF No. 1.)  Defendant AQUA EMPS is a nonprofit California corporation that has operated

9   a summer recreation program in the City of Dinuba through an unknown contractual

10  arrangement with Defendant DUSD in which the swimming pool at Dinuba High School is used

11  for summer swimming activities.  (Id. at ¶ 4.)  Defendants Lamb, Hunter, and Marroquin are

12  officers of Defendant AQUA EMPS.  (Id. at ¶¶ 5-7.)

13  About April 16, 2013, Plaintiff Shamp submitted a registration form and payment to

14  enroll her minor children in the AQUA EMPS summer swimming program which was rejected.

15  (Id. at ¶ 12.)  On April 17, 2013, Plaintiff Shamp wrote a letter to Defendant Lamb returning the

16  registration form and payment and requesting that her minor children be enrolled in the

17  swimming program or a written explanation for why they were denied the opportunity to

18  participate.  (Id. at ¶ 13.)  About May 7, 2013, the registration form and payment were returned.

19  (Id. at ¶ 14.)

20  On May 20, 2013, a public meeting of the AQUA EMPS Board of Directors was held.

21  Plaintiffs arrived to attend the meeting and were told to leave.  After Plaintiff Shamp told

22  Defendant Lamb that this was a public meeting and his behavior was unacceptable; she, her

23  husband, and her minor children were allowed to attend the meeting.  (Id. at ¶ 16.)  During the

24  meeting, Defendant Lamb announced that the minor children were not going to be allowed to

25  participate in the summer swim program because Plaintiff Shamp was a disruption to the

26  organization.  (Id.)  When attendees at the meeting stated that the minor children should not be

27  punished without justification, Defendant Lamb did not provide any justification for denying the

28  minor children from participating in the swim program.  (Id.)

1   Plaintiffs allege that AQUA EMPS has not maintained the required minutes of board
2   meetings or other documents to authorize the actions taken by the officers.  (Id. at ¶ 18.)
3   Plaintiffs further allege that officers of AQUA EMPS have made false statements to parents
4   involved in the swim program that Plaintiff Shamp has been disruptive and her actions violated
5   the Central Valley Recreational Swim League guidelines for parent conduct.  (Id. at ¶ 19.)

6   Plaintiffs bring this action against Defendant Lamb in his individual and official capacity
7   and against all other defendants in their official capacities alleging denial of equal protection
8   under the United States Constitution and Article I, sections I and 7(a) of the California
9   Constitution, California Civil Code section 51, and defamation under California law seeking
10  monetary damages.

11                                                **III.**

12                                        **LEGAL STANDARD**

13  Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on
14  the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A
15  complaint must contain "a short and plain statement of the claim showing that the pleader is
16  entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not
17  require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-
18  unlawfully harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
19  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In assessing the sufficiency of a
20  complaint, all well-pleaded factual allegations must be accepted as true.  Iqbal, 556 U.S. at 678-
21  79.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere
22  conclusory statements, do not suffice."  Id. at 678.

23  In deciding whether a complaint states a claim, the Ninth Circuit has found that two
24  principles apply.  First, to be entitled to the presumption of truth the allegations in the complaint
25  "may not simply recite the elements of a cause of action, but must contain sufficient allegations
26  of underlying facts to give fair notice and to enable the opposing party to defend itself
27  effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Second, so that it is not unfair
28  to require the defendant to be subjected to the expenses associated with discovery and continued

                                                   3

1  litigation, the factual allegations of the complaint, which are taken as true, must plausibly

2  suggest an entitlement to relief.  Starr, 652 F.3d at 1216.

3                                                    **IV.**

4                                          **DISCUSSION**

5          Defendants argue that Plaintiffs' complaint fails to state a claim under the United States

6  or California Constitution as it fails to identify any state action; there is no proper claim against

7  private actors, and Defendant DUSD was improperly named as a defendant in this action.  (Mem.

8  of P. & A. in Support of Defs.' Mot. to Dismiss Pls.' Compl for Damages; or in the Alternative a

9  Mot. for a More Definitive Statement Under FRCP 12(e), and Mot. to Strike Under FRCP 12(f)

10 6-8,[1] ECF No. 18.)  Plaintiff counters that there is no heightened pleading standard imposed on

11 Plaintiff and the claims only need to be plausible.  (Pls.' Opp. to Defs.' Mot. to Dismiss Compl.

12 or in Alternative Mot. for More Definitive Statement under FRCP 12(e) and Mot. to Strike

13 Under FRCP 12(f) 2-3, ECF No. 22.)  Defendants reply that Plaintiffs have not attempted to

14 refute the substantive attacks on the complaint and the motion to dismiss should be granted.

15 (Defs.' Reply 2-3, ECF No. 23.)

16         Plaintiffs contend that the pleading standard is not heightened and the allegations must

17 merely state a plausible claim.  Under Twombly and Iqbal "a complaint must contain sufficient

18 factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 556

19 U.S. at 678.  This requires factual content for the court to draw the reasonable inference that the

20 defendant is liable for the alleged misconduct.  Id.  A complaint stops short of the line between

21 probability and the possibility of relief where the facts pled are merely consistent with a

22 defendant's liability.  Id.  "[W]here the well-pleaded facts do not permit the court to infer more

23 than the mere possibility of misconduct," the complaint has not shown that the plaintiff is

24 entitled to relief.  Id.  Further, while the court is to accept all "well pleaded factual allegations" in

25 the complaint as true, id. at 679, it is not bound to accept as true labels, conclusions, formulaic

26 recitations of the elements of a cause of action or legal conclusions couched as factual

27 ───────────────

28 [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the
   CM/ECF electronic court docketing system.

4

allegations, <u>Twombly</u>, 550 U.S. at 555.  The conclusory allegations in the complaint are not entitled to the presumption of truth.  <u>Iqbal</u>, 556 U.S. at 681.

**A.  Plaintiffs Cannot Seek Monetary Damages for Section 1983 Claims Brought Against Defendants in Their Official Capacity**

Plaintiffs bring this action against Defendants AQUA EMPS, Hunter, Marroquin, and DUSD in their official capacities.  However, Plaintiffs may not bring a suit seeking monetary damages against Defendants in their official capacities under Section 1983.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007).  The Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities.  <u>Hafer v. Melo</u>, 502 U.S. 21, 30 (1991).  "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law."  <u>Id.</u> at 25.

**B.  Plaintiffs' Have Failed to State a Cause of Action Under Section 1983**

To establish liability under section 1983, a plaintiff is required to show "(1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."  <u>Chudacoff v. University Medical Center of Southern Nevada</u>, 649 F.3d 1143, 1149 (9th Cir. 2011).  Acting under color of law is a jurisdictional requirement for a section 1983 action.  <u>Gritchen v. Collier</u>, 254 F.3d 807, 812 (9th Cir. 2001).  The Ninth Circuit has found that school districts are state agencies for the purposes of Eleventh Amendment sovereign immunity.  <u>Stoner v. Santa Clara County Office of Educ.</u>, 502 F.3d 1116, (9th Cir. 2007).

Additionally, there is no respondeat superior liability under section 1983.  <u>Chudacoff</u>, 649 F.3d at 1152.  Liability under section 1983 will only lie against a state agency where it is shown that the employees of the entity were "acting pursuant to an official policy or longstanding practice or custom, or that the injury was caused or ratified by an individual with final policy-making authority."  <u>Id.</u> at 1151 (internal punctuation and citations omitted).  The Ninth Circuit has decided that this same standard applies to private entities that are sued under

section 1983.  Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012).

        1.      The complaint is insufficient to allege that either AQUA EMPS or the individual
defendants were acting under color of law

Plaintiffs do not enjoy Fourteenth Amendment protections against "private conduct abridging individual rights[,]" and to bring suit against a private individual under section 1983, a plaintiff must demonstrate that the private individual acted under color of state law.  Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).  Generally, private parties do not act under color of state law.  Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).  However, a private individual can be subject to liability under section 1983 where "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State."  Tsao, 698 F.3d at 1139 (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

Liability under section 1983 attaches where a private party carries a badge of authority and represents the State in some capacity.  Franklin, 312 F.3d at 444.  Constitutional standards should only be invoked "when it can be said that the State is responsible for the specific conduct of which the plaintiff complains."  Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n., 531 U.S. 288, 295 (2001).  Therefore, to bring an action under section 1983, the plaintiff must show that the defendant's actions were fairly attributable to the State.  Franklin, 312 F.3d at 444.

To hold a private defendant liable under section 1983 for acting under color of law requires significant government involvement in the action.  Franklin, 312 F.3d at 444.  The Supreme Court has articulated four tests to determine whether a private party's actions are under color of law: 1) the joint action test; 2) the government nexus test; 3) the public function test; and 4) the state compulsion test.  Id. at 445; Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 747 (9th Cir. 2003); Pollard v. Geo Group, Inc., 607 F.3d 583, 590-91 (9th Cir. 2010); Blum v. Supreme Court, 457 U.S. 991 (1982).

        **b.**     **Plaintiffs fail to state a claim against Defendant AQUA EMPS or the AQUA EMPS Board Members**

Applying the standards to this action, to state a claim against AQUA EMPS, Plaintiffs must allege sufficient facts to show that 1) AQUA EMPS "acted under color of state law, 2) and

1     if a constitutional violation occurred, the violation was caused by an official policy or custom of

2     [AQUA EMPS]."   <u>Tsao</u>, 698 F.3d at 1139.   As alleged, Plaintiffs' complaint fails to state

3     sufficient factual allegations to meet either of these requirements.

4          Plaintiffs allege that Defendant AQUA EMPS is a non-profit California Corporation that

5     operates a summer recreational swimming program in the City of Dinuba.  (ECF No. 1 at ¶ 4.)

6     These facts indicate that Defendant AQUA EMPS is a private actor.  In this instance, the joint

7     action test is most relevant to determine if AQUA EMPS, by the conduct alleged, can be

8     considered a state actor.  A bare allegation of joint action is insufficient to survive a motion to

9     dismiss, and Plaintiff must allege facts tending to show that the private defendants "acted under

10    the color of state law or authority."  <u>DeGrassi v. City of Glendora</u>, 207 F.3d 636, 647 (9th Cir.

11    2000).   Therefore, in order to be held liable under section 1983, Plaintiffs must set forth

12    sufficient factual allegations to state a plausible claim that AQUA EMPS is sufficiently aligned

13    with the State to be acting under color of law.  If AQUA EMPS is found to be acting under color

14    of state law, then all of the Board Member defendants will similarly be acting under color of

15    state law.

16         To determine if Defendants AQUA EMPS is a state actor under the joint action test, "we

17    consider whether the state has so far insinuated itself into a position of interdependence with the

18    private entity that it must be recognized as a joint participant in the challenged activity.  This

19    occurs when the state knowingly accepts the benefits derived from unconstitutional behavior."

20    <u>Florer v. Congregation Pidyon Shevuyim, N.A.</u>, 639 F.3d 916, 926 (9th Cir. 2011) (internal

21    punctuation and citations omitted).  A plaintiff can show joint action "by proving the existence of

22    a conspiracy or by showing that the private party was 'a willful participant in joint action with

23    the State or its agents.' "  <u>Fox</u>, 312 F.3d at 445 (quoting <u>Collins v. Womancare</u>, 878 F.2d 1145,

24    1154 (9th Cir.1989)).

25         Plaintiffs' complaint fails to set forth sufficient factual allegations to state a plausible

26    claim that AQUA EMPS was a joint actor with the State.  While the complaint alleges that

27    Defendant AQUA EMPS and DUSD entered into a contractual agreement by which the

28    swimming pool at Dinuba High School is open for summer swimming activities, there are no

1    allegations to show that DUSD is a willful participant in the summer swimming activities or

2    receives any benefit from the unconstitutional behavior alleged here.  As presently alleged, the

3    Court can only infer that Defendant DUSD rents the pool for the use of Defendant AQUA EMPS

4    which is insufficient to show a position of interdependence between the private entity and the

5    school district.  Plaintiffs' complaint fails to state a plausible claim that Defendant AQUA EMPS

6    is a state actor.

7          Defendants Lamb, Hunter, and Marroquin are members of the AQUA EMPS Board, and

8    when acting by virtue of their position on the Board, any action taken is private action.  The

9    complaint does not contain any allegations that these defendants acted in any capacity other than

10   their membership on the Board or that any of the individual defendants are state actors in any

11   other respect.  Plaintiffs fail to state a claim against Defendants Lamb, Hunter, and Marroquin.

12         Further, Plaintiffs complaint is devoid of any factual allegations that denying Plaintiffs

13   the ability to participate in the swim program was due to a policy or custom of the organization.

14   Plaintiff fails to state a claim against Defendant AQUA EMPS or any of the Board Members.

15         **c.      Plaintiffs fail to state a claim against Defendant DUSD**

16         Defendant DUSD contends that it has been improperly named as a defendant in this

17   action.  In order to hold Defendant DUSD liable, the complaint would need to contain sufficient

18   factual allegations to infer that employees of the DUSD acted according to an official policy,

19   practice, or custom, or an individual with final policy-making authority directed or ratified the

20   actions.  Chudacoff, 649 F.3d at 1152.

21         According to Plaintiffs' complaint, when the alleged conduct was brought to the attention

22   of DUSD, DUSD did not take any remedial action.  However, there are no allegations in the

23   complaint that any employee of DUSD was involved in the alleged conduct, and as discussed

24   above, Plaintiffs' complaint fails to allege facts to show that DUSD was engaged in joint action

25   with Defendant AQUA EMPS.  Plaintiffs have failed to link Defendant DUSD to the decision to

26   deny the minors applications to participate in the summer swim program.

27         2.      Plaintiffs fail to allege discriminatory conduct to state an equal protection claim

28         An equal protection claim may be established by showing that the defendant intentionally

8

discriminated against the plaintiff based on the plaintiff's membership in a protected class, <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (2001); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1167 (2005); <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).

Plaintiffs do not allege that they belong to any protected class or that similarly situated individuals were treated differently. While the Supreme Court has recognized that an equal protection violation can apply to a class of one, to state a claim Plaintiffs must still show that they were intentionally treated differently than other similarly situated individuals. <u>Gerhart v. Lake County, Mont.</u>, 637 F.3d 1013, 1022 (9th Cir. 2011). Plaintiffs fail to state an equal protection claim.[2]

### B.   State Law Claims

The Court does not reach the viability of Plaintiffs' state law tort claim at this time because the Court will not exercise supplemental jurisdiction over state law claims unless Plaintiffs are able to state a cognizable federal claim. 28 U.S.C. § 1367(a); <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001). However, the Court does provide the following legal standards that appear to apply to Plaintiffs' state law claims.

#### 1.   California Constitution

Plaintiffs allege that the failure to allow the minor children to participate in the swim club violated Article I sections I and 7(a) of the California Constitution. The California Supreme Court has held that article I, section 7 of the California Constitution protects only against state action and does not reach private actors. <u>Golden Gateway Center v. Golden Gateway Tenants Assn.</u>, 26 Cal.4th 1013, 1024 (2001); <u>Garfinkle v. Superior Court</u>, 21 Cal.3d 268, 272 (1978).

Plaintiffs allege a cause of action for "liberty" in violation of article I, section I of the California Constitution. While Defendants argue that the state action requirement also applies to this claim, it is unclear to the court what claim Plaintiffs are attempting to bring under this

---

[2] The Court shall not address Defendants' motion to strike and motion for a more definite statement since the recommendation is to dismiss the complaint for failure to state a claim.

1  section.  The California Supreme Court has recognized a privacy cause of action under article I,

2  section I which does not require state action, <u>Wilkinson v. Times Mirror Corp.</u>, 215 Cal.App.3d

3  1034, 1042-43 (1989), but that is clearly not the right that is being raised here.  Therefore, if

4  Plaintiffs file an amended complaint they will be required to clearly identify a cause of action

5  that is recognized under article I, section I of the California Constitution.

6         B.    <u>Unruh Civil Rights Act</u>

7         Plaintiffs allege a cause of action under the Unruh Civil Rights Act which provides that:

8  
9      All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

10  

11  Cal. Gov. Code § 51(a).

12         "The primary purpose of the Unruh Act is to compel recognition of the equality of all

13  persons in the right to the particular service offered by an organization or entity covered by the

14  Act."  <u>Curran v. Mount Diablo Council of Boy Scouts</u>, 174 Cal.App.3d 712, 733 (1983).  The

15  Act bars all types of arbitrary discrimination.  <u>In re Cox</u>, 3 Cal.3d 205, 214 (1970).  However,

16  under the Act, an organization may "promulgate reasonable deportment regulations that are

17  rationally related to the services performed and the facilities provided."  <u>Curran</u>, 174 Cal.App.3d

18  at 733 (quoting <u>In re Cox</u>, 3 Cal.3d at 217).

19         3.    <u>Defamation</u>

20         "Defamation is an invasion of the interest in reputation" and "involves the intentional

21  publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure

22  or which causes special damage."  <u>Smith v. Maldonado</u>, 72 Cal.App.4th 637, 645 (1999).  In the

23  context of defamation, publication means communicating to a third party who understands the

24  meaning of the defamatory statement and its application to the individual.  <u>Smith</u>, 72 Cal.App. at

25  645.  Where the words are not defamatory on their face, or are ambiguous, the plaintiff must also

26  allege extrinsic circumstances to prove the meaning or innuendo that made the statement

27  defamatory.  <u>Id.</u> at 645-46.

28         In order to state a claim, Plaintiff must set forth sufficient factual allegations for the Court

to infer that each defendant is liable for the alleged misconduct.  Therefore, if Plaintiffs choose to amend their complaint they will need to set forth sufficient factual allegations regarding the statements that were made by each defendant.  A complaint that alleges elements of a cause of action or legal conclusions couched as factual allegations is insufficient to state a claim. Twombly, 550 U.S. at 555.

### C.    Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  The Court recommends that Plaintiffs be granted an opportunity to file an amended complaint to correct the deficiencies identified in this findings and recommendations.  Plaintiffs are advised that they are not being granted an opportunity to file an amended complaint at this time.  Once the district judge issues an order addressing the findings and recommendations, they will be given a deadline to file their amended complaint.

The Court advises Plaintiffs of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of their complaint.  Plaintiffs' complaint must contain "a short and plain statement of the claim showing that [Plaintiffs are] entitled to relief." Federal Rule of Civil Procedure 8(a)(2).  "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1).  "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Federal Rule of Civil Procedure 10(b).

In this instance, Plaintiff has confusingly alleged multiple state and federal causes of action in a single count.  In filing an amended complaint, for each cause of action alleged, Plaintiffs need to identify the defendants against whom the cause of action is brought as well as the violation alleged.

## V.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion to

1   dismiss be GRANTED.

2       These findings and recommendations are submitted to the district judge assigned to this

3   action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen

4   (14) days of service of this recommendation, any party may file written objections to these

5   findings and recommendations with the Court and serve a copy on all parties.  Such a document

6   should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

7   district judge will review the magistrate judge's findings and recommendations pursuant to 28

8   U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

9   time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153

10  (9th Cir. 1991).

11

12  IT IS SO ORDERED.

13  Dated:   __July 9, 2014__

    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28