# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.S., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AQUA EMPS BOOSTER CLUB, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00399-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PROSECUTE<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiffs filed the complaint in this action on March 20, 2014. Defendants filed a motion to dismiss on June 3, 2014. On September 5, 2014, an order issued granting Defendants' motion to dismiss and ordering Plaintiffs to file an amended complaint within fourteen days. More than fourteen days have passed and Plaintiffs have failed to file an amended complaint or otherwise respond to the Court's order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute the action, failure to

1  obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52,
2  53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
3  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
4  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
5  comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.
6  United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
7  with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
8  of prosecution and failure to comply with local rules).

9       In determining whether to dismiss an action for failure to comply with a pretrial order,
10 the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the
11 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
12 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
13 sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226
14 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in
15 deciding what to do, and are not conditions that must be met in order for a court to take action.
16 Id. (citation omitted).

17      In this instance, the public's interest in expeditious resolution of the litigation and the
18 Court's need to manage its docket weigh in favor of dismissal.  Id.  Plaintiffs were ordered to file
19 an amended complaint that complied with the Federal Rules of Civil Procedure within fourteen
20 days of September 5, 2014.  Plaintiffs have been provided with the legal standards that would
21 apply to their claims and the opportunity to file an amended complaint.  Plaintiffs have neither
22 filed an amended complaint nor otherwise responded to the Court's order.  Plaintiffs' failure to
23 comply with the orders of the Court hinders the Court's ability to move this action towards
24 disposition, and indicates that Plaintiffs do not intend to diligently litigate this action.

25      Since it appears that Plaintiffs do not intend to litigate this action diligently there arises a
26 rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,
27 1452-53 (9th Cir. 1994).  This risk of prejudice may be rebutted if Plaintiffs offer an excuse for
28 the delay.  In re Eisen, 31 F.3d at 1453.  The risk of prejudice to the defendants also weighs in

favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiffs' responsibility to move this action forward. This action can proceed no further without Plaintiffs' cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiffs' failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's September 5, 2014 order requiring Plaintiffs to file an amended complaint expressly warned that the failure to file an amended complaint in compliance with the order would result in the dismissal of the action with prejudice for failure to state a claim. (ECF No. 26 at 6.) Thus, Plaintiffs had adequate warning that dismissal with prejudice would result from their noncompliance with the Court's order and the failure to state a claim.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's federal claims be DISMISSED with prejudice for Plaintiffs' failure to prosecute and failure to state a claim.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28

//
//
//
//
//

1 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time
2 may waive the right to appeal the district judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
3 Cir. 1991).

5 IT IS SO ORDERED.

6 Dated:   **September 23, 2014**

UNITED STATES MAGISTRATE JUDGE